

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ELECTRONIC BOOKS ANTITRUST
LITIGATION                                                                                          MDL No. 2293

(SEE ATTACHED SCHEDULE)

CONDITIONAL TRANSFER ORDER (CTO−2)

On December 9, 2011, the Panel transferred 2 civil action(s) to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. *See* ___F.Supp.2d___ (J.P.M.L. 2011). Since that time, 9 additional action(s) have been transferred to the Southern District of New York. With the consent of that court, all such actions have been assigned to the Honorable Denise L Cote.

It appears that the action(s) on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Southern District of New York and assigned to Judge Cote.

Pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the action(s) on the attached schedule are transferred under 28 U.S.C. §1407 to the Southern District of New York for the reasons stated in the order of December 9, 2011, and, with the consent of that court, assigned to the Honorable Denise L Cote.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of New York. The transmittal of this order to said Clerk shall be stayed 7 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 7−day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK
BY _____
Deputy Clerk

IN RE: ELECTRONIC BOOKS ANTITRUST LITIGATION

MDL No. 2293

## SCHEDULE CTO-2 – TAG-ALONG ACTIONS

| **DIST** | **DIV.** | **C.A.NO.** | **CASE CAPTION** |
|---|---|---|---|
| CALIFORNIA NORTHERN | | | |
| CAN | 4 | 11-06647 | Nolan v. Apple, Inc. et al |